# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD YOUNAS MALIK, *et al.*, | Case No. 2:24-cv-1093-JAM-JDP (PS) |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NATIONWIDE MUTUAL INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

    Plaintiffs filed this case in the Sacramento County Superior Court and defendant removed it. ECF No. 1. Plaintiffs, husband and wife, allege that they worked as insurance agents under a contract with defendants. *Id.* at 12. Defendants terminated the contract, allegedly costing plaintiffs their personal and professional reputations and the loss of their insurance business. *Id.* at 12-13. They allege that, in terminating the contract, defendants are liable to them for (1) defamation, (2) false light tort, (3) fraud, (4) intentional interference with prospective business relations, and (5) violations of California's Business and Professions Code. ECF No. 1 at 13. Defendants have now filed a motion to compel arbitration, ECF No. 11, arguing that plaintiff Malik's claims are governed by an arbitration agreement. Plaintiffs have opposed the motion, ECF No. 30, and defendants have filed a reply, ECF No. 34. For the reasons stated hereafter, the motion to compel arbitration should be granted and plaintiff Malik compelled to arbitrate his

claims. This case, including plaintiff Iqbal's claims, should be stayed pending that arbitration. As such, if these recommendations are adopted, defendants' motion to stay, ECF No. 14, should also be granted. Defendants' motion for an order to show cause, ECF No. 13, should be denied without prejudice.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, states that written arbitration provisions are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In weighing whether to enforce arbitration agreement should be enforced, a federal court's role "under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (internal quotation marks omitted). Federal law has a presumption in favor of arbitration. *See Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1286 (9th Cir. 2009) ("Under the federal presumption in favor of arbitration, because the arbitration agreement is ambiguous, it should be interpreted as granting arbitration coverage over 'all disputes' arising from the Trademark Agreement.").

Here, an arbitration agreement exists between defendants and Averwood Insurance Agency, a business entity that plaintiff Malik owned and of which he acted as principal agent. ECF No. 11-1 at 5. In a separate case, the district judge already found that arbitration agreement enforceable.[1] *See Indus Insurance Agency, Inc. et al. v. Nationwide Mutual Ins. Co., et al.*, 2:22-cv-2022-JAM-JDP at ECF No. 39. That case, like this one, arose out of defendants' cancellation of the pertinent contract. *Id.* at 2-3. Rather than engaging in arbitration, however, plaintiffs filed this suit in their individual capacities, arguing that they did not individually sign the arbitration agreement and, therefore, are not subject to it. ECF No. 30 at 2. Plaintiff Malik should be

---

[1] A copy of that agreement is contained in defendants' request for judicial notice, ECF No. 12-1 at 34-35. Plaintiff Malik signed the agreement on behalf of Averwood Insurance Services, Inc. *Id.* at 36. I take judicial notice of the agreement because it "can be accurately and readily determined" from a source "whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b). Indeed, there appears to be no dispute as to the agreement's existence or validity. Instead, plaintiffs assert that it does not apply to them in their individual capacity. ECF No. 30 at 3-4.

2

compelled to arbitrate his claims because this argument is meritless. "[N]onsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187-88 (9th Cir. 1986). Under Ohio law, which plaintiffs assert governs the arbitration agreement, ECF No. 30 at 5, non-signatories may be bound "under an estoppel theory when the nonsignatory seeks a direct benefit from the contract while disavowing the arbitration provision." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 629 (6th Cir. 2003). Here, plaintiffs plainly argue that the contract was to benefit them; their argument hinges on defendants' denial of that benefit by way of the termination. Other courts in this circuit have rejected similar arguments. *See Brilliant Info Corp. v. Moso Power Tech Int'l Ltd.*, No. CV 15-3090 FMO (PLAx), 2015 U.S. Dist. LEXIS 182946, *13 (C.D. Cal. Oct. 29, 2015) ("Su is BIC's sole shareholder . . . . Any money flowing to BIC, the signatory to the Distribution Agreement, from the sale of defendants' LED products necessarily flows to Su. Accordingly, Su is the third-party beneficiary to the Distribution Agreement.") (internal citations omitted). Neither does it matter that plaintiffs have recast those claims as violations of their individual rights. The claims all stem from the same contract termination that undergirded the other suit, and "if there is doubt about that matter—about the scope of arbitrable issues—we should resolve that doubt in favor of arbitration." *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003); *see also Gestetner Holdings, PLC v. Nashua Corp.*, 784 F.Supp. 78, 82 (S.D.N.Y. 1992) ("[W]here claims may be understood to raise an arbitrable issue, arbitration must be compelled, even if the claims can also be characterized another way.").

  I will recommend that this case, including plaintiff Iqbal's claims, be stayed pending that arbitration. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("[A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

Accordingly, it is RECOMMENDED that:

1. Defendants' motion to compel arbitration, ECF No. 11, be GRANTED, and plaintiff Malik be compelled to arbitrate his claims.

2. Defendants' motion to stay, ECF No. 14, be GRANTED, and this case be STAYED pending arbitration of Malik's claims.

3. Defendants' motion for a show cause order, ECF No. 13, be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 4, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4